IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | C O M P L A I N T |
| CAPPO MANAGEMENT XX, INC., d/b/a ) VICTORY NISSAN OF DICKSON and ) VICTORY NISSAN WEST, ) ) | JURY TRIAL DEMAND |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Korie Dunn, Traci Manor and Carolyn Love who were adversely affected by such practices. As alleged with greater particularity in paragraphs 8 a-k below, the Equal Employment Opportunity Commission ("Commission") alleges that Cappo Management XX, Inc. ("Defendant Employer") retaliated against Korie Dunn, Traci Manor and Carolyn Love, then sales persons, by terminating their employment for their complaint about a sexually hostile work environment by their then sales manager.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The unlawful retaliation alleged below was committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII; 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Cappo Management XX, Inc. (the "Employer"), has continuously been a Tennessee corporation doing business in the State of Tennessee and the City of Dickson, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).  Defendant Employer is an automobile dealership.

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Korie Dunn, Traci Manor and Carolyn Love filed charges with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least January 7, 2011, Defendant Employer has engaged in unlawful employment practices at its Dickson, Tennessee store in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).  Defendant Employer retaliated against Korie Dunn, Traci Manor and Carolyn Love for complaining of a sexually hostile work environment by their then sales manager by terminating their employment.

8.      Defendant Employer hired Ms. Dunn on July 26, 2010, Ms. Manor on August 20,

2

2010 and Ms. Love on August 4, 2010 as salespersons at Defendant Employer's automobile dealership.

   a.   On or about December 30, 2010, they complained as a group to Defendant Employer that their sales manager subjected them to a sexually hostile work environment on account of their sex, female.

   b.   Ms. Dunn, Ms. Manor and Ms. Love made their complaints directly to Defendant Employer's operations manager.

   c.   At the time of their complaint on or about December 30, 2010, Ms. Dunn and Ms. Love had already complained repeatedly to Jason Seiber, Defendant Employer's general manager, that their sales manager subjected them to a sexually hostile work environment on account of their sex, female.

   d.   Mr. Seiber ignored their complaints.

   e.   On or about December 30, 2010, Defendant Employer suspended Ms. Dunn, Ms. Manor, and Ms. Love for one week with pay while Defendant Employer investigated their complaints.

   f.   On or about January 7, 2011, the class members returned to work. At that time, they met Defendant Employer's legal counsel.

   g.   Defendant Employer's legal counsel informed them that Defendant Employer had terminated their sales manager because he failed to appear for an interview about their complaints.

   h.   Thereafter, Defendant Employer's legal counsel terminated Ms. Dunn, Ms. Manor and Ms. Love for poor sales.

   i.   Defendant Employer insisted that it terminated them because they failed to sell six cars in December 2010.

j. Another salesperson, however, sold fewer than six cars in December 2010 but Defendant Employer did not terminate that salesperson.

k. Prior to their terminations, Defendant Employer did not document any performance issues with any of these class members.

9. The effect of the practices complained of in paragraphs 8 a – k above has been to deprive the class members of equal employment opportunities and to otherwise adversely affect their status as employees because of retaliation.

10. The unlawful employment practices complained of in paragraphs 8 a – k above were intentional.

11. The unlawful employment practices complained of in paragraphs 8 a – k above were done with malice or with reckless indifference to the federally protected rights of Korie Dunn, Traci Manor and Carolyn Love.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Korie Dunn, Traci Manor and Carolyn Love, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, lost bonuses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D. Order Defendant Employer to make whole Korie Dunn, Traci Manor and Carolyn Love, members of the class, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 a - k above, including relocation expenses, job search expenses, and medical expenses not covered by the Employer's employee benefit plan, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Korie Dunn, Traci Manor and Carolyn Love, members of the class, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 a – k above, including emotional distress, pain and suffering, embarrassment, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Korie Dunn, Traci Manor and Carolyn Love, members of the class, punitive damages for its malicious and reckless conduct described in paragraphs 8 a – k above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
Washington, D.C.

*/s/ Faye A. Williams*

**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

*/s/ Joseph M. Crout (with perm.)*

**JOSEPH M. CROUT**
Supervisory Trial Attorney
TN Bar No. 12957

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 900
Memphis, TN 38104
(901) 544-0136

*/s/ Mark Chen (with perm.)*

**MARK CHEN**
Trial Attorney
TN Bar No. 14268

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
220 Athens Way, Suite 350
Nashville, TN 37228
(615) 736-5784