IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
    Plaintiff, )
 )
 )  No. 3:12-cv-0239
v. )  Judge Haynes
 )
CAPPO MANAGEMENT XX, INC., )
 )  JURY DEMAND
    Defendant. )

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(b), counsel for Plaintiff, Equal Employment Opportunity Commission and Defendant, Cappo Management XX, Inc. consulted to discuss the issues in this case and prepared a written discovery plan. An initial case management conference was held on May 4, 2012, at 2:00 p.m., in Nashville, Tennessee.

### I. JURISDICTION, VENUE AND SERVICE

The court has jurisdiction of this case pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. Jurisdiction is not disputed. The actions complained of occurred within the jurisdiction of the Middle District of Tennessee. Defendant has been served with the Complaint. All other issues of liability and relief are disputed.

### II. PARTIES' THEORIES OF THE CASE

    A.    Plaintiff's Theory of the Case

The claimants, Korie Dunn, Traci Manor and Carolyn Love, worked for Defendant as salespersons at Defendant's car dealership. On December 30, 2010, they complained as a group to Defendant's operations manager that their sales manager,

Donnie Hulan, subjected them to a sexually hostile work environment on account of their sex, female. Afterwards, Defendant suspended them with pay while it investigated their complaints. When they returned to work on January 7, 2011, they met Defendant's legal counsel. Defendant informed them that Mr. Hulan had been terminated when he failed to appear for an interview about their complaints. Defendant then terminated the claimants. Defendant maintains that it terminated them because of poor sales. Prior to their terminations, Defendant did not document any performance issues with any of these class members. Plaintiff contends that claimants were terminated in retaliation for their complaints of sexual harassment.

    B.    Defendant's Theory of the Case

Defendant denies any and all claims of harassment, discrimination and retaliation. Defendant warned claimants repeatedly about their poor performance and the need to sell more vehicles. After again failing to meet minimum expectations, Defendant decided to terminate claimants' employment in December 2010. Around the holiday season, however, claimants brought forth allegations of inappropriate behavior by Sales Manager Donnie Hulan. Due to the time period, Defendant placed claimants on paid leave to allow for an investigation. When Mr. Hulan refused to be interviewed about the allegations, Defendant terminated his employment. Based on their poor performance and previous warnings, Defendant soon informed claimants that their employment was also coming to an end.
2

Case 3:12-cv-00239   Document 7   Filed 05/03/12   Page 2 of 6 PageID #: 21
Case 3:12-cv-00239   Document 8   Filed 05/04/12   Page 2 of 5 PageID #: 27

### III. SCHEDULE OF PRETRIAL PROCEEDINGS

#### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1) (A) through (E) disclosures within 14 days from the date of the initial case management conference. (**May 18, 2012**)

#### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety days from the date of the initial case management conference (**August 2, 2012**), counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believe that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

#### C. Other Pretrial Discovery Matters

As determined at the case management conference on **Friday, May 4, 2012**, this action is set for a jury trial in Nashville, Tennessee on _Tuesday June 25, 2013_ at _9:00 a.m._

If this action is to be settled, the Law Clerk shall be notified by noon, _June 21, 2013_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

3

A pretrial conference shall be held _June 10, 2013_ at _9:00 am_ proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **January 10, 2013**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **January 10, 2013.** All discovery related statements shall be filed by the close of business on **January 24, 2013**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All **dispositive motions**[1] shall be filed by the close of business on **February 12, 2013**, and any response thereto shall be filed by the close of business on **March 14, 2013.** Any reply shall be filed by the close of business on **March 28, 2013.**[2]

Any motion to amend the pleadings or to join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

---

[1] No memorandum in support of or in opposition to any motion shall exceed 20 pages.

[2] Strict compliance is required with Rule 56.01, Local Rules of Court relating to motions for summary judgment.

4

The response time for all written discovery and request for admissions is 30 days.

Interrogatories pursuant to Federal Rules of Civil Procedure 33 shall be limited to 30 such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court shall govern.

By the close of business **on November 5, 2012**, the plaintiff shall declare to the defendant (not file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **December 5, 2012**, the defendant shall declare to the plaintiff (not file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26 (a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **January 11, 2013**.

Local Rule 39.01(c)(6) relating to expert witnesses shall apply in this action, and strict compliance is required.

## IV. ELECTRONIC DISCOVERY

The parties shall cooperate on appropriate procedures related to electronic discovery.

It is so **ORDERED**.

**ENTERED** this the ____ day of ____ May ____, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge

5