IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CAPPO MANAGEMENT XX, INC.,<br><br>Defendant. | No. 3:12-cv-0239<br>Judge Haynes<br><br>JURY DEMAND |

## CONSENT DECREE

### INTRODUCTION

Plaintiff, Equal Employment Opportunity Commission (EEOC or the Commission) and Defendant, Cappo Management XX, Inc. (Defendant) enter into this Consent Decree (Decree) to resolve this case.

The Commission brought this civil action against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e, *et seq.*, and Title I of the Civil Rights Act of 1991, to remedy unlawful employment practices alleged in the Complaint filed on September 14, 2010. The Complaint alleges that Defendant retaliated against the claimants, Korie Dunn, Traci Manor and Carolyn Love, by terminating their employment for complaining of sexual harassment.

Defendant denies the allegations in the Commission's Complaint. Rather than litigate these issues, the Commission and Defendant have proposed this Decree to settle all of the claims involved in this action. The parties seek to avoid the additional expense and delay of further litigation.

This Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters contained in this Decree. No waiver, modification or amendment of any provision of this Decree shall be effective unless executed in writing. The parties have not made any representations or inducements to compromise this action other than those representations or inducements contained or referenced in this Decree. In the event the Court does not approve this Decree, the parties agree not to admit it in evidence in any subsequent proceeding in this lawsuit.

## FINDINGS

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds:

a.  This Court has jurisdiction of the subject matter of this action and the parties.

b.  The terms of this Decree are fair, reasonable, equitable, and just. The Decree adequately protects the rights of the EEOC, Defendant and the public interest.

c.  This Decree conforms to the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person. Entry of this Decree furthers the objectives of Title VII and appears to be in the best interests of the public.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

## I. JURISDICTION

1.  The United States District Court for the Middle District of Tennessee, Nashville Division, has jurisdiction over the parties and the subject matter of this

litigation and will retain jurisdiction over this Decree for purposes of enforcement and dispute resolution.

2. No party shall contest jurisdiction of this Court to enforce this Decree or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

## II. SCOPE AND DURATION OF THIS DECREE

3. This Decree resolves all issues and claims arising out of the Commission's complaint in this case, Civil Action No. 3:12-CV-00239, alleging retaliation by Defendant based on Charge No. 494-2011-00707, filed by Korie Dunn, Charge No. 494-2011-00709, filed by Traci Manor, and Charge No. 494-2011-00710, filed by Carolyn Love. This Decree resolves only Charge Nos. 494-2011-00707, 494-2011-00709 and 494-2011-00710.

4. Upon the date the Court enters this Decree, the provisions of the Decree become effective immediately and shall bind the parties for two years thereafter.

## III. INJUNCTIVE RELIEF

5. Defendant, its officers, agents, employees and all persons acting in concert with Defendant are enjoined from retaliating against any employee who complains of sexual harassment or any other protected conduct under Title VII.

## IV. POLICIES AND PROCEDURES

7. Defendant shall continue to provide and adhere to the Non-Discrimination and Anti-Harassment Policy (the "Policy") developed by Victory Automotive Group, Inc. The Policy specifically states that Defendant does not tolerate discrimination based on

retaliation and employees who complain about discrimination in the workplace are protected against retaliation.

8. The Policy includes a detailed definition of harassment and retaliation discrimination, including an in-depth description of what constitutes harassment or retaliation in the workplace.

9. The Policy provides detailed instructions related to identifying, reporting, investigating and remedying incidents of harassment and retaliation in the workplace. The Policy also sets forth a complaint procedure allowing the complaining party to file a complaint with his/her immediate supervisor, the Director of Human Resources, any member of the Human Resources Department, or any member of management.

10. The Policy requires that in investigating and imposing any discipline, Defendant will maintain confidentiality to an extent consistent with adequate investigation and appropriate corrective action. The Policy also requires that any adverse treatment of an employee for reporting retaliation, for assisting another employee in making a report, or for cooperating in a discrimination investigation is strictly forbidden.

11. The Policy is provided to any employee hired by the Defendant and all such employees must sign an acknowledgement of receipt.

## V. TRAINING

12. Defendant will provide retaliation awareness training to all supervisory and management personnel at its dealership according to the following terms:

(a) Defendant will retain an outside trainer to conduct the training of Defendant's management and employees in the recognition of retaliation, the appropriate responses

to complaints of retaliation, and the recognition of retaliation for engaging in any protected activity under federal civil rights laws. Such training shall include the attendance of Defendant's General Manager.

(b) The attorney selected to provide the training shall practice employment law and remain qualified to perform the training at issue. However, Defendant remains free to use another law firm or outside consultant to perform the training at issue, provided Defendant first obtains permission to do so from the Commission.

(c) Defendant shall conduct all required training sessions in accordance with the schedule created by the outside trainer.

(d) Defendant shall require all attendees to sign and date an attendance form.

(e) The outside trainer shall administer a test to Defendant's General Manager and Office Manager to cover the issues and best practices regarding retaliation discussed in the training. After completion of the test, attorneys will review the test results with the General Manager and Office Manager to ensure that each person understands his/her obligations under Title VII with regard to retaliation for engaging in a protected activity under federal civil rights laws.

(f) Defendant shall send any completed forms required by (d) and (e), above, to the Commission at the address below.

(g) Defendant will conduct the first retaliation training within 90 days of entry of this Decree. Defendant shall repeat the retaliation training annually for the duration of this Decree.

(h) At least two weeks before each training session, Defendant shall notify the Commission of the date and location of the training and provide a description of the training materials that Defendant intends to use.

## VI. INDIVIDUAL RELIEF

13. In compromise and settlement of these disputed claims, Defendant agrees to pay a lump sum of $85,000.00 to be divided amongst Claimants Korie Dunn, Carolyn Love and Traci Manor.

14. Defendant will issue 1099 forms for the amount of the settlement designated as non-pecuniary compensatory damages and shall designate that the amount was issued as disputed damages.

15. Within 30 days of the entry of this Decree, Defendant or its attorneys shall separately mail checks, via certified mail, to each claimant for amounts and to addresses provided by the Commission. Concurrently, a copy of the check and related documents will be mailed to the Commission at the address below.

16. Late payment of the check shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

17. Defendant shall supply a neutral reference in response to any employment inquiries or reference checks regarding Korie Dunn, Traci Manor or Carolyn Love. No mention of the Commission's charges of discrimination or this action will be made as part of the neutral reference. The neutral reference shall be in the form and manner as attached at Exhibit A. This provision shall remain in force as long as the claimants continues to use Defendant as a reference and is not limited to the duration of this Decree.

## VII. RECORDKEEPING AND REPORTING PROVISIONS

18. Defendant will maintain records of any complaints of retaliation involving any of its employees, managers or corporate officials. These records must include the names, addresses, telephone numbers and social security numbers of each employee making a complaint. These records must also contain the date of the report or complaint, a detailed description of the allegations made, the names of any witnesses, the name and position of the alleged bad actor, and what actions, if any, Defendant took to resolve the complaint.

19. Defendant shall provide two annual reports to the Commission, the first of which shall be due 12 months after entry of this Decree and the second of which shall be due 24 months after entry of this Decree.

20. Each report shall describe all complaints of retaliation at Defendant's dealerships or workplaces, describe the remedy or remedies offered to the employee or, if no remedy was offered, describe the reason for not offering a remedy.

21. Each report will describe Defendant's training of corporate officials, managers and hourly employees in the requirements of Title VII of the Civil Rights Act of 1964, as amended, and the requirements of any other federal civil rights law with respect to retaliation for engaging in a protected activity, as required by its outside trainer.

22. Each report shall include a certification by Defendant that the notice required to be posted by paragraph 26 of this Decree remained posted from the entry of the Decree until the date of the report. Defendant will send each report to the Commission at the address below.

## VIII. MONITORING

23. The Commission shall have the right to monitor and review compliance with this Decree. Specifically, the Commission shall have the right to:

(1) attend training sessions required by this Decree;

(2) review any and all documents required by this Decree; and/or

(3) interview Defendant's General Manager or Office Manager (in the presence of Defendant's counsel) related to the requirements of this Decree.

24. Defendant will cooperate with the Commission in any review function as it relates to this Decree.

## IX. NOTICE

25. Defendant shall post conspicuously at all of its dealerships and workplaces the notice (poster) required by Title VII.

26. Defendant shall post, in a location conspicuous and accessible to all employees, the Notice attached to this Decree as Exhibit B, for a period of two years commencing within ten days after entry of this Decree by the Court.

27. Defendant shall distribute a copy of this Decree to its General Manager and Office Manager.

## X. NOTIFICATION OF SUCCESSORS

28. Prior to any assignment, succession, acquisition, merger or consolidation affecting Defendant, Defendant shall provide notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, any other corporation or other entity that acquires Defendant, and any other corporation or other entity into which Defendant may merge, or with which Defendant may consolidate.

29. The successors, assigns, acquiring entities and any surviving entities upon merger or consolidation shall be fully liable for complying with the terms of the Decree.

## XI. ENFORCEMENT

30. If Defendant fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under the Decree.

31. The Commission will provide written notice to Rodney A. Fields, counsel for Defendant, of any deficiency in complying with the terms of the Decree and provide a period of 45 days to resolve such deficiencies.

32. If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

## XII. MISCELLANEOUS PROVISIONS

33. Each party to this Decree shall bear its own costs, attorney fees and expenses in this lawsuit.

34. If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

35. When this Decree requires a certification by Defendant of any facts, such certification will be made under oath or penalty of perjury.

36. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the Commission, they will be mailed to: Cappo Management XX, Inc.'s Title VII Settlement, Equal Employment Opportunity Commission, c/o Mark Chen, 220 Athens Way, Suite 350, Nashville, TN 37228.

IT IS SO ORDERED THIS  20th  DAY OF January 2013.

_____
WILLIAM J. HAYNES, JR.
CHIEF JUDGE
UNITED STATE DISTRICT COURT